UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                                                                      NO. 5:22-CR-39-BJB

SYLVIA PRICILLA FIERS                                                            DEFENDANT

\* \* \* \* \*
MEMORANDUM OPINION & ORDER

      The United States charged Sylvia Pricilla Fiers with one count of possession with intent to distribute methamphetamine and one count of conspiracy to possess with intent to distribute methamphetamine. DN 1. Fiers has pleaded guilty to these charges. DN 38. She is currently detained at the McCracken County Jail pending her sentencing, which is scheduled for June 7, 2023.

      Fiers has filed a motion to modify the terms of her release to permit her to attend inpatient drug-rehabilitation before sentencing. DN 41. Because Fiers committed a controlled substance offense with a maximum term of imprisonment of ten years or more, 18 U.S.C. § 3142(f)(1)(C), she must be detained pending sentencing unless: (1) the Court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted," or "an attorney for the Government [recommends] that no sentence of imprisonment be imposed," *and* (2) the Court "finds by clear and convincing evidence that [she] is not likely to flee or pose a danger to any other person or the community," 18 U.S.C. § 3143(a)(2). In her motion, Fiers does not present any argument that a motion for acquittal or a new trial will be granted, or that she is unlikely to flee or pose a danger to the community. And the Government is recommending a sentence that includes a term of imprisonment. Response to Motion to Modify Release (DN 47) at 3; Plea Agreement (DN 38) at 2. So she does not meet the requirements to defeat mandatory detention under § 3143(a)(2).

      Even if a defendant must be detained under § 3143, she may be released pending sentencing if "it is clearly shown that there are exceptional reasons why [her] detention would not be appropriate." 18 U.S.C. § 3145(c); *United States v. Christman*, 596 F.3d 870, 870–71 (6th Cir. 2010). Exceptional circumstances are limited to those that are "rare" or "out of the ordinary." *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008). And "in cases where the presumption of detention applies," like this one, the defendant "will almost certainly serve at least some term of incarceration," so the relevant question is whether the defendant "can identify why detention at this particular time—between [her] plea hearing and [her] sentencing

hearing—would be inappropriate." *United States v. Varney*, No. 12-09, 2013 WL 2406256, at *1 (E.D. Ky. May 31, 2013).

Fiers contends that release would allow her to receive drug treatment that would aid her recovery. Motion to Modify Release (DN 41). This is a laudable goal, to be sure. But the period of treatment in question would start just over a month before her sentencing. And her motion doesn't request a delay in the hearing date or the beginning of her sentence. Nor does it discuss whether a month of treatment would provide meaningful benefits, given that the attached letter from the treatment center notes that this program would ordinarily last for nine months. DN 41-1. Finally, Fiers doesn't explain why this period of treatment would amount to an "exceptional reason"—one "out of the ordinary" in light of her individual circumstances and the additional countervailing factors cited by the Government— warranting release from mandatory detention. *See United States v. Roos*, No. 12-09, 2013 WL 3005631, at *2 (E.D. Ky. June 13, 2013) (movant bears burden to show "extraordinary circumstances" justifying release). Many defendants convicted of drug-related crimes receive drug treatment while in federal custody, of course. And this motion doesn't explain why pre-sentencing release and treatment is extraordinarily different than those cases.

Because no evidence indicates that pre-sentencing release is permitted here under § 3143(a), or that exceptional circumstances warrant relief under § 3145, the Court denies Fiers's motion.

Benjamin Beaton, District Judge
United States District Court

May 8, 2023